IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-33,175-01, WR-33,175-02, WR-33,175-03, WR-33,175-05, WR-33,175-06
& WR-33,175-09






EX PARTE IVORY LYNN WICKS, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NO. W94-03920-M(F) IN THE 194TH JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced
to forty-two years' imprisonment. His conviction was affirmed on direct appeal. Wicks v. State, No. 05-94-01922-CR (Tex. App. - Dallas, March 15, 1996, pet. ref'd).

 Applicant has filed five previous writs challenging this conviction. This Court denied the first writ
without written order on March 26, 1997, and dismissed each of the other writs as subsequent applications
barred by Section 4. On July 20, 2007, this Court received Applicant's -09 writ, which also challenges
the merits of the same conviction. The trial court recommended denying relief and citing Applicant for
abuse of the writ. 

 Applicant points out for the first time in his -09 writ that at the time this Court denied relief on the
-01 writ, his direct appeal was still pending. Indeed, a check of the Fifth District Court of Appeals' docket
shows that although the appellate mandate was erroneously issued on July 7, 1996, the mandate was
withdrawn on August 12, 1996 because Applicant's petition for discretionary review was pending in this
Court. This Court refused discretionary review on November 20, 1996, and the appellate mandate issued
again on January 28, 1997. At the time Applicant filed his -01 writ in the district court, on December 17,
1996, the conviction was not final. 

 Because Applicant's -01 writ was erroneously addressed on its merits and denied by this Court,
Applicant's -02, -03, -05, and -06 writs were all erroneously dismissed pursuant to Section 4. Therefore,
this Court has reconsidered on its own motion each of Applicant's previous writs challenging this
conviction. The denial of the -01 writ is withdrawn, and that writ is hereby dismissed, as this Court was
without jurisdiction to consider its merits. 

 This Court has thoroughly reviewed all of the grounds for review raised in Applicant's -02, -03,
-05, and -06 writs, and finds them all to be without merit. Therefore, the dismissals of all of those writs are
withdrawn, and the writs are hereby denied. Furthermore, this Court finds that the grounds raised in
Applicant's -09 writ are also without merit, and concludes that the writs should also be denied. Applicant
should not be cited for abuse of the writ, as his previous writs were incorrectly dismissed as subsequent
applications. 

Filed: October 3, 2007

Do not publish